UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| UNITED STATES OF AMERICA, | Case No. 1:17-cr-00244-DCN-2 |
| Plaintiff, | **MEMORANDUM DECISION AND ORDER** |
| vs. | |
| GUILLERMO NUNEZ-BELTRAN, | |
| Defendant. | |

## I. INTRODUCTION

Pending before the Court is Defendant Guillermo Nunez-Beltran's Motion to Reconsider. Dkt. 182. Beltran asks the Court to reconsider its Order DENYING his Motion for Compassionate Release. Dkt. 178. Even though the Government has not filed an opposition, the matter is ripe for the Court's consideration.

Having reviewed the record and briefs, the Court finds that the facts and legal arguments are adequately presented. Accordingly, in the interest of avoiding further delay, and because the Court finds that the decisional process would not be significantly aided by oral argument, the Court will decide the motion without oral argument. Dist. Idaho Loc. Civ. R. 7.1(d)(1)(B). For the reasons below, the Court finds good cause to DENY the motion.

## II. BACKGROUND

Juan Jose Valenzuela, one of Beltran's associates, was arrested in August 2017 for, among other things, attempted strangulation. Dkt. 134, at 3. A subsequent search of

MEMORANDUM DECISION AND ORDER - 1

Valenzuela's phone revealed that he and Beltran had been communicating via text. *Id*. at 4. Communication between the two continued while Valenzuela was incarcerated. Recorded prison phone calls show the two men were hatching a plan whereby Valenzuela would send people to meet with Beltran in California. Beltran would deliver *several pounds* of methamphetamine and marijuana (4.8 pounds of methamphetamine and 8.1 pounds of marijuana). *Id.*

On August 20, 2017, law enforcement observed Dawn Humphreys (one of Valenzuela's people) and Beltran at the same hotel in Cloverdale, California. *Id.* Two days later, law enforcement observed Humphreys driving in the vicinity of Beltran's residence. *Id.* Later, law enforcement conducted a traffic stop and discovered in Humphreys's vehicle 4.8 pounds of methamphetamine and 8.1 pounds of marijuana. *Id.*

The police arrested Beltran at his place of employment on August 31, 2017, and ultimately pled guilty to the sole count on the indictment of Conspiracy to Distribute Methamphetamine, a violation of 21 U.S.C. § 841(a)(1), (b)(1)(A). *Id*. at 1, 5. Beltran stated to law enforcement that he had delivered to Humphreys a suitcase containing the drugs. *Id*. at 6.

On May 19, 2019, the Court sentenced Beltran to a term of 144 months incarceration and five years of supervised release. Dkt. 149. While Beltran received a 3-point reduction in his sentence for accepting responsibility and cooperating with authorities, he also received a 2-point increase for his role as an organizer of the conspiracy. Dkt. 134, at 6. He is currently serving his term at the Federal Correction Institution in Big Springs, Texas (FCI Big Springs).

MEMORANDUM DECISION AND ORDER - 2

While incarcerated, Beltran came down with COVID-19 and filed a Motion for Compassionate Release, believing COVID-19 in conjunction with his high blood pressure and back pain justified his release. Dkt. 173. At the time, Beltran could not remember if he had submitted a request for compassionate release to the BOP or not. Dkt. 182 at 1. Although this is required for any compassionate release motion, the Court nonetheless analyzed the merits of Beltran's Motion. *See* Dkt. 178.

Ultimately, however, the Court found Beltran's condition was not "extraordinary" or "compelling" to justify compassionate release. *Id* at 4. Additionally, given Beltran's past criminal conduct and the nature of his current offense, the Court found that compassionate release would run counter to the factors outlined in U.S.C § 3553 (a). *Id* 7–8.

### III. LEGAL STANDARD

The Federal Rules of Civil Procedure permit courts to reconsider and amend previous orders. *E.g.*, Fed R. Civ. P. 59(e). "The Court does not take reconsideration lightly. . . . To succeed on a motion to reconsider, a party must first establish they have a right to ask for reconsideration; that is to say, they must establish one or more of the limited grounds for reconsideration are present." *United States, ex. rel. Rafter H Construction, LLC, v. Big-D Construction Corp*., 358 F. Supp 3d 1096, 1098 (D. Idaho 2019). Once the moving party has established the right, the moving party then bears the burden of persuading the Court "that their purported reasons rise to the level of reversal." *Id.*

The four limited grounds upon which a district court may grant a motion for reconsideration are: "(1) the motion is necessary to correct manifest errors of fact or law; (2) the moving party presents newly discovered evidence; (3) reconsideration is necessary

to prevent manifest injustice; or (4) there is an intervening change in the law." *Coffelt v. Yordy*, No. 1:16-CV-00190CWD, 2016 WL 9724059, at \*1 (D. Idaho November 30, 2016) (citing *Turner v. Burlington N. Santa Fe R.R. Co.*, 338 F.3d 1058, 1063 (9th Cir. 2003)).

Regardless of the standard or rule under which they are brought, "motions for reconsideration are generally disfavored, and may not be used to present new arguments or evidence that could have been raised earlier." *Am. Rivers v. NOAA Fisheries*, No. CV-04-00061-RE, 2006 WL 1983178, at \*2 (D. Or. 2006) (citing *Fuller v. M.G. Jewelry*, 950 F.2d 1437, 1442 (9th Cir. 1991)); *see also Carrol v. Nakatani*, 342 F. 3d 934, 945 (9th Cir. 2003) (explaining that motions to reconsider are "an extraordinary remedy, to be used sparingly in the interest of finality and conservation of judicial resources") (quoting 12 James Wm. Moore et al., Moore's Federal Practice § 59.30[4] (3d ed. 2000)).

## IV. DISCUSSION

There are several reasons for the Court to deny Beltran's motion. First, Beltran identifies no right for the Court's reconsideration. He cites no rule, discusses no case law, and provides no authority providing the Court a basis to do so. This alone is fatal to his motion. *See Big-D Const. Corp.*, 358 F. Supp. at 1098. (Where the court held, as a threshold matter, the moving party must establish a right to ask for under the Federal Rules of Civil Procedures.)

Second, although Beltran arguably presents new evidence on the Court's procedural justification for denial, he fails to demonstrate to the Court how this evidence would materially alter the Court's analysis. Moreover, Beltran offers nothing to address the merits of the Court's denial. He further fails to address the remaining grounds for reconsideration

MEMORANDUM DECISION AND ORDER - 4

as outlined in *Coffelt*, let alone persuade the Court that one of those grounds applies to this situation. This also proves fatal to Beltran's Motion.

Third, even if Beltran had established a right to move for reconsideration, as is required, the outcome would nonetheless be the same because Beltran has not persuaded the Court that its analysis rises to the level of reversal. Though the court is not obligated to do so, it will briefly analyze Beltran's claim as though brought correctly under the relevant Federal Rule of Civil Procedure 59(e), which allows the Court to alter or amend its judgment.

A party moving for reconsideration under the Federal Rules for Civil Procedure must "set forth facts or law of a strongly convincing nature to induce the Court to reverse its prior decision." *Id*. at 23–24.  Generally, these include (1) an intervening change in law; (2) the discovery of previously unknown evidence; and (3) the correction of a clear or manifest error in law or fact. *Id*. at 23–24.

## A. An Intervening Change in Controlling Law

"A motion for reconsideration should not be granted, absent highly unusual circumstances, unless the district court is presented with newly discovered evidence, committed clear error, *or if there is an intervening change in the controlling law*." *Nakatani*, 342 F.3d at 945. (emphasis added). Here, Beltran needs to demonstrate to the Court there has been some change in the law that would materially affect the Court's analysis. He argues none because there has not been one.

## B. The Discovery of New Evidence

Absent a change in the controlling law, a court may reconsider and change an order

upon discovering previously unknown evidence. "A district court generally should not grant a Rule 59(e) motion in the absence of 'newly discovered evidence.'" *Wells Fargo Bank v. Mahogany Meadow Ave. Tr.*, 979 F.3d 1209, 1218 (9th Cir. 2020) (quoting 389 Orange St. Partners v. Arnold, 179 F.3d 656, 665 (9th Cir. 1999)). To that point, a motion "may not be used to raise arguments or present evidence for the first time when they could reasonably have been raised earlier." *Id.* (quoting *Kona Enters., Inc. v. Estate of Bishop*, 229 F.3d 877, 890 (9th Cir. 2000)).

Here is where Beltran ostensibly plants his flag and makes his stand. He shows the Court for the first time his previous request to the BOP to reduce his sentence and the BOP's subsequent denial. Dkt. 182, at 5–7. He claims this is evidence that he has exhausted his administrative remedies as required by 18 U.S.C. § 3582(c)(1)(A).[1]

This evidence is uncompelling for two reasons. First, as stated in *Mahogany Meadows Ave. Tr.*, motions to reconsider "may not be used to raise arguments or present evidence for the first time when they could reasonably have been raised earlier." 979 F.3d at 1218. It is not unreasonable to expect Beltran to maintain his own records and to have presented this evidence the first time around. The standard is "newly discovered" evidence as in previously unknown, not lost, misplaced, or misremembered evidence. *Id.*

Second, even if Beltran's evidence did meet the standards of "new evidence," it is ultimately immaterial as the Court gave Beltran the benefit of the doubt and analyzed his

---

[1] Compassionate release under the First Step Act allows a court to modify a sentence under certain circumstances. As a threshold matter, to grant compassionate release, a district court must determine whether a defendant has exhausted his or her administrative remedies. *See* 18 U.S.C. § 3582.

Motion for Compassionate Release (Dkt. 173) as if he had. The Court stated,

> While Nunez-Beltran failed to meet his burden of proof
> [administrative exhaustion], the Court will, nevertheless,
> consider Nunez-Beltran's arguments in support of his motion
> to determine whether extraordinary and compelling reasons
> warrant a permanent reduction in his sentence, and whether
> such a reduction is consistent with applicable policy statements
> issued by the Sentencing Commission.

Dkt. 178, at 4 (cleaned up).

Lack of administrative exhaustion was but one of the reasons the Court denied Beltran's original motion. Even though he now presents evidence of administrative exhaustion, it is ultimately immaterial because he also failed to show extraordinary and compelling reasons to justify compassionate release. In his Motion to Reconsider, he offers no new evidence to support any extraordinary or compelling reasons to justify compassionate release.  In the end, Beltran's evidence falls short of the standard of "new evidence" for the purposes of reconsideration; what's more, his proof of administrative exhaustion was and is ultimately inconsequential to the Court's analysis.

### C.  The Correction of a Clear or Manifest Error in Law or Fact

Clear or manifest error is a high standard. As one court noted, "for a decision to be 'clearly erroneous' it must be 'more than just maybe or probably wrong; it must be dead wrong.'" *Garcia v. Biter*, 195 F. Supp. 3d 1131, 1133 (E.D. Cal. 2016) (quoting *Hopwood v. Texas*, 236 F.3d 256 (5th Cir. 2000)). "A movant must demonstrate a 'wholesale disregard, misapplication, or failure to recognize controlling precedent.'" *Id*. (quoting *Oto v. Metro. Life Ins. Co*., 224 F.3d 601, 606 (7th Cir. 2000)).

To start, Beltran does not claim that there was a gross misapplication of the law; he merely offers proof that he previously requested compassionate release via the BOP. All the same, when a court considers a modification to a sentence, it must consider whether "extraordinary and compelling reasons" warrant a modification and whether "such a reduction is consistent with applicable policy statements issued by the Sentencing Commission." U.S.C. 18 § 3582(c)(1)(A)(i).

In its denial of Beltran's Motion for Compassionate Release, the Court took a step-by-step analysis of 18 U.S.C. § 3582(c)(1)(A)(i) and U.S.S.G § 1B1.13 and applied them to the facts of Beltran's circumstances. Dkt. 178. Upon review of the Order, the Court finds there was no wholesale disregard or misapplication of the law—instead, there was a systematic and methodologically proper analysis consistent with other similar cases this Court has had to address.

## V. CONCLUSION

In sum, Beltran fails to establish he has a right to move the Court to reconsider. Beltran also manifestly fails to show that there has been an intervening change in the law, nor has he presented any previously unknown evidence that would materially alter the Court's analysis. Lastly, he has not argued, much less demonstrated, that the Court committed a manifest error in its analysis of law or fact. And, indeed, upon independent review, the Court concludes that it did not. Therefore, the Court DENIES Beltran's Motion to Reconsider.

///

///

MEMORANDUM DECISION AND ORDER - 8

## VI. ORDER

The Court HEREBY ORDERS:

1. Guillermo Nunez-Beltran's Motion to Reconsider (Dkt. 182) is **DENIED**.

DATED: July 16, 2021

David C. Nye
Chief U.S. District Court Judge